## MENZIES v. FAIRBURN et al.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

DAMAGES — LIQUIDATED DAMAGES — BREACH OF CONTRACT — PERFORMANCE BY PLAINTIFF.

> A contract provided that plaintiff should proceed to have himself appointed trustee of certain mining property and then to lease the same to defendants for a period of years; that defendants should immediately take possession of the property and operate it on the same terms and conditions as if the contemplated lease had been executed, but without liability to plaintiff, and that the improvements made should become plaintiff's property. The seventh clause of the agreement declared that if defendants failed to go into possession and occupy the premises and operate the mines, or if they failed to accept the lease when offered, etc., plaintiff or his representatives should recover $2,000 as liquidated damages for such failure. *Held*, that such damages were to be paid only in the event that plaintiff should be absolutely appointed trustee of the estate and be authorized to make the lease, and hence plaintiff, prior to such appointment, was not entitled to recover such damages for defendants' breach of the contract by notifying plaintiff that they would not accept the lease in any event.

Appeal from Special Term.

Action by Frederick W. Menzies against John B. Fairburn and another. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

William C. Cammann, for appellant.

LAUGHLIN, J. The action was brought to recover $2,000, as liquidated damages for breach of a contract made between the plaintiff and the defendants on the 27th day of May, 1902. The contract recited that the defendants were desirous of leasing upon the terms therein specified, the rights to certain mines and minerals discovered therein in certain lands therein described situate in the county of St. Lawrence, which belonged to the estate of Alexander Oswald Brodie, and were subject to certain trusts created by his will; that the last surviving trustee of the will had died, and there was no representative of the estate in existence competent to make a lease; that an application was about to be made to the court by some of the parties in interest for the appointment of the plaintiff as trustee for the purpose, among others, of acceping the proposition of the defendants to lease the mines and mineral rights; that the plaintiff had in contemplation thereof already expended various sums of money in obtaining an abstract of title and had incurred legal expenses "in connection with the matter and otherwise"; and that the agreement was made in consideration of the premises and of the agreements and covenants therein contained, and of the expenditures already made by the plaintiff, and of the sum of $1. The plaintiff agreed in the event of his being appointed trustee and receiving authority, to make the lease upon the terms and conditions therein set forth. The defendants agreed to accept the lease for the period from the date of its execution to and including the 31st day of March, 1912, upon the rental therein specified and upon the further terms and conditions therein contained by which,

among other things, they were to have the option of purchasing the premises upon terms and conditions therein agreed upon.

It was further agreed that the defendants should immediately take possession of the mines, occupy, develop, and operate the same upon the same terms and conditions as if the contemplated lease had been executed, except that the rental, other than royalties, should not commence until the 1st day of December, 1902, and that such taking possession was to be without liability to the plaintiff. It was agreed that the improvements made should become the property of the plaintiff.

The seventh clause of the agreement provided that if the defendants should fail to go into possession and occupation of the premises, and to operate the same and make the improvements thereon, or pay the rent as therein provided, or to accept the lease when offered by the plaintiff, or by such person as should be appointed trustee, or should fail to perform any of the other terms and conditions of the agreement, the plaintiff or his representative should thereupon have the right "to re-enter and take possession of the said premises together with all the improvements, developments, buildings, plant and machinery thereon, as hereinbefore specified in article 4; and shall also recover from the parties of the first part [the defendants] the sum of $2,000 as liquidated damages for such failure, to be paid by the parties of the first part."

The agreement contained a proviso that if, before the 1st day of November, 1902, it should be discovered that there was no talc or mica in the premises in such quantity as should be satisfactory to the defendants, then, upon their giving the plaintiff written notice of such fact and their intention so to do, they should have the right upon that ground, on or before that date but not afterwards, to reject and refuse to receive the proposed lease and to vacate and remove from the premises upon paying the plaintiff "such expenditures as he has already made to the date of this contract, and which it is agreed will not exceed $500."

It was further agreed that the contract should be binding upon the plaintiff only in the event of his being appointed trustee and being granted power and authority by the court to make the lease; and he agreed in the event that another person should be appointed trustee that he would use his best endeavors to effect the execution and delivery of the lease upon the terms specified in the agreement. The plaintiff alleged and proved that relying upon the agreement, he continued negotiations with the parties in interest with a view to obtaining his appointment as trustee; and that on or about the 1st day of October, 1902, the defendants notified him that they would not accept the lease, but did not place their refusal upon the ground that there was insufficient talc or mica on the premises. The defendants did not take possession of the property or perform any of the covenants or conditions of the agreement. Shortly after the defendants notified the plaintiff that they would not accept the lease, and before he was appointed trustee or authorized to make the lease, he commenced this action to recover the liquidated damages of $2,000. He showed that he performed services and incurred expenses in the steps taken with a view to obtaining his appointment as trustee, but he did not show the value of his services or the amount necessarily expended, or seek to recover upon that theory.

Without passing upon the question as to whether the plaintiff has a

cause of action against the defendants for the value of his services and the expenses necessarily incurred under the contract, we are of opinion that he was not entitled to recover the liquidated damages. Those damages the defendants agreed to pay only in the event that the plaintiff should be duly appointed trustee of the estate and duly authorized to make the lease upon the terms and conditions specified in the agreement, and upon their refusal to accept the same when tendered. Before the plaintiff can call upon the court to determine whether he is entitled to recover the liquidated damages—a question not free from doubt in view of the fact that the agreement induced a trespass upon the lands of the estate over which the plaintiff had no authority, and also might preclude the exercise of discretion and judgment and full free official action as trustee when appointed—it is incumbent upon him, notwithstanding the notification by the defendants that they will not accept the lease, to become appointed trustee, obtain authority from the court to make the lease, and execute and tender it to the defendants for acceptance, before bringing suit.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.